UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS DENISE BLACKWELL,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:17-cv-01599 CKD<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born October 16, 1961, applied on August 30, 2012 for SSI, alleging disability beginning October 19, 2010. Administrative Transcript ("AT") 236-242. Her alleged disability onset date was later amended to July 30, 2011. AT 18, 57. Plaintiff alleged she was unable to work due to bilateral carpal tunnel syndrome, rotator cuff issues, high blood pressure, and

1

depression. AT 93. In a decision dated January 11, 2016, the ALJ determined that plaintiff was not disabled.[1] AT 18-31. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.
>
> 2. The claimant has not engaged in substantial gainful activity since July 30, 2011, the amended onset date.
>
> 3. The claimant has the following severe impairments: carpal tunnel syndrome, rotator cuff tear of left shoulder, wrist tendonitis, obesity, and complex regional pain syndrome.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work, except that she is limited to lifting and/or carrying ten pounds occasionally and less than ten pounds frequently; sitting, standing, and walking six hours each in an eight-hour workday; no more than frequent pushing and pulling with the bilateral upper extremities; only frequent climbing, balancing, stooping, kneeling, crouching, and crawling; only frequent overhead reaching with the non-dominant left upper extremity; and the claimant is limited to only frequent bilateral handling and fingering.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born on October 16, 1961 and was 49 years old, which is defined as a younger individual age 45-49, on the amended disability onset date. The claimant subsequently changed age category to closely approaching advanced age.

8. The claimant has at least a high-school education and is able to communicate in English.

9. The claimant has acquired work skills from past relevant work.

10. Considering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy.

10. The claimant has not been under a disability, as defined in the Social Security Act, from July 30, 2011, through the date of this decision.

AT 20-31.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: The ALJ's residual functional capacity determination is not supported by substantial evidence.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

A. Residual Functional Capacity

Plaintiff generally asserts that the RFC is not supported by substantial evidence. Specifically, she claims that the ALJ improperly discounted the opinion of a State Agency doctor, Dr. Christopher Maloney, as to plaintiff's manipulative limitations. While Dr. Maloney opined, after reviewing plaintiff's records in 2013, that she was limited to occasional handling, fingering, and feeling in her right hand (AT 118), the RFC allowed for "frequent bilateral handling and fingering." AT 22.

Social Security Ruling 96-8p sets forth the policy interpretation of the Commissioner for assessing residual functional capacity. SSR 96-8p. Residual functional capacity is what a person "can still do despite [the individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a) (2003); see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional capacity reflects current "physical and mental capabilities"). RFC is assessed based on the relevant

evidence in the case record, including the medical history, medical source statements, and subjective descriptions and observations made by the claimant, family, neighbors, friends, or other persons. 20 C.F.R. §§ 404.1545(a)(1), 404.1545(a)(3). When assessing RFC, the ALJ must consider the claimant's "ability to meet the physical, mental, sensory, and other requirements of work[.]" 20 C.F.R. §§ 404.1545(a)(4).

The ALJ considered opinions by two State Agency consultants, Dr. Dann and Dr. Maloney, regarding plaintiff's physical capacity to perform work-related functions:

> Dr. C.R. Dann, M.D., found that the claimant was capable of work at the medium exertional level with frequent postural activities, limited left overhead reaching, limited handling, and limited fingering (Ex. 1A, pg. 10-11). Upon reconsideration, Dr. Christopher Maloney, M.D., indicated that the claimant should be limited to work at the light exertional level with reaching, handling, fingering, and feeling limitations. The opinions of the state agency medical consultants ... are given partial weight. Their limited reaching, handling, fingering, and feeling limitations are consistent with the medical evidence of record showing mild median neuropathy across the right wrist and mild carpal tunnel syndrome of the left wrist (Ex. 16F, p.7) along with a partial thickness tear of the supraspinatus of the left shoulder (Ex. 3F/ex. 5F, p. 4). However, based on the claimant's additional impairment of obesity and other opinions indicating that the claimant is limited to sedentary work, the undersigned finds that the claimant should be limited to work at the sedentary level rather than medium or light.

AT 26; see AT 102-104 (Dr. Dann's opinion), AT 117-118 (Dr. Maloney's opinion). Unlike Dr. Maloney, Dr. Dann found plaintiff able to perform frequent handling and fingering in both upper extremities "due to mild CTS [carpal tunnel syndrome] w/o atrophy and mild NCT [nerve conduction test" findings." AT 104.

As stated above, the ALJ gave both Agency doctors' opinions "partial weight," finding both opinions consistent with evidence of mild neuropathy in plaintiff's right wrist and mild carpal tunnel syndrome of the left wrist. See AT 1181 (2014 progress notes finding "very mild median neuropathy across the wrists" and "left median neuropathy across the wrist [consistent with] mild carpal tunnel syndrome"; both wrists were noted to have improved since prior studies). In formulating the RFC, the ALJ ultimately adopted Dr. Dann's view that plaintiff could perform frequent handling and fingering.

////

5

Plaintiff argues that the ALJ failed to explain why Dr. Maloney's manipulative limitations were rejected. However, the ALJ reviewed the objective medical evidence concerning plaintiff's carpal tunnel syndrome, including a September 2011 surgery on her right and subsequent nerve conduction studies. AT 24, 552. A December 2011 nerve conduction study and EMG showed mild carpal tunnel syndrome in the right wrist and early moderate carpal tunnel syndrome in the left wrist. AT 24, 1022, 1039. Also in December 2011, an arthrogram of plaintiff's left shoulder showed a partial tear thickness of the supraspinatus tendon, but otherwise intact labrum and no rotator cuff tear. AT 29, 489-490. In a September 2012 examination, plaintiff presented with continuing pain in the right hand and increased pain and numbness in the left hand. AT 1039. She was diagnosed with positive Tinel's sign over the median nerve at the right and left wrists, a pain-free range of motion in the right shoulder, restricted range of motion in the left shoulder, and no muscle atrophy in the left hand. AT 1040. "Hand grip strength cannot be properly done as she showed poor effort," the examiner noted. AT 1040.

The ALJ summarized the subsequent medical evidence concerning plaintiff's wrists, arms, and shoulder, including September 2014 notes of a full range of motion and mild right hand weakness, "with good sensation in the ulnar distribution of her hand and possibly a little bit of weakness in her fourth and fifth digits" (AT 24, 1189); a November 2014 EMG noting "very mild median neuropathy across the right wrist and mild carpal tunnel syndrome om the left wrist (AT 25, 1181); and September 2015 notes indicating that plaintiff's "right wrist had normal flexion to 75 degrees, decreased extension to 45 degrees, and normal radial and ulnar deviation. The claimant avoided using the right hand and kept the thumb adducted at all times. Her grip strength in her right hand was noted at two out of five, but she did not use her thumb. Her left grip strength was noted as five out of five." AT 25, 1660.

The ALJ summarized the findings of Dr. Elise Smith-Hofer, who examined plaintiff in 2012 in connection with her workers compensation claim:

> Dr. Smith-Hofer noted that the claimant held her hand and thumb in a very firm, fixed position and reported spasms in the thumb and forearm but seemed to relax her hand and thumb when there was not a request for an evaluation. She also opined that the claimant's poor grip strength on the right hand may have been due to poor effort. Dr.

6

> Smith Hoefer stated that the claimant may benefit from Botox injections, but that she refused his [sic] recommendation due to an alleged phobia of needles. Dr. Smith-Hofer indicated that she was not able to explain the claimant's hand pain . . . [Her] opinion is given some weight.

AT 27; see AT 553.

As to plaintiff's left shoulder, the ALJ noted her 2011 arthroscopy and related records, along with 2015 examination notes stating "that the claimant was very guarded and used her body and trapezius to move her shoulder when asked." AT 25, 1660. The ALJ assigned "great weight" to the opinion of Dr. Jeffrey Metheny, who in 2011 opined that "her objective exam is quite good, and I have very little objective evidence to keep her from work" based on reported issues with her left shoulder. AT 26, 718.

The ALJ concluded that the RFC was supported by the objective medical evidence as set forth above. AT 29. "The statements made by the claimant were taken into consideration; however, her refusal of additional medical treatment, poor effort, practicing of pain behavior activities, and fabrication of her physical findings, along with the level of activity that she could tolerate lead to a determination that the claimant's allegations are not entirely credible," the ALJ wrote. AT 29 (record citations omitted). Plaintiff does not challenge the ALJ's adverse credibility finding, which has support in the record as set forth above and was a factor in the RFC assessment. In sum, the ALJ adopted Dr. Dann's opinion that plaintiff could perform frequent handling and fingering as being the most consistent with the overall medical record and in light of documented issues with plaintiff's credibility and effort.

For the reasons discussed above, the court concludes that plaintiff's assessed RFC was adequately explained and grounded in substantial evidence.

////

////

////

////

////

////

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 20) is granted; and

3. Judgment is entered for the Commissioner.

Dated: September 24, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/blackwell1599.ssi.ckd